IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES L. GEORGE,**
**#B81478,**

**Petitioner,**

**v.**                                        **No. 3:17-cv-00620-DRH**

**WARDEN JEFF DENNISON and**
**STATE OF ILLINOIS ATTORNEY GENERAL,**

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Charles George, an inmate who is currently incarcerated in Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). George challenges his 1999 conviction and sentence for murder and robbery in Franklin County, Illinois, Case No. 98-CF-116. George argues that his sentence, which was imposed following a jury trial, is grossly disproportionate to his co-defendant's sentence, which was imposed pursuant to a negotiated plea agreement. (Doc. 1, pp. 1-9). George seeks a reduction in his sentence for murder from 60 years to 45 years, consistent with his co-defendant's sentence for the same crime. (Doc. 1, p. 10).

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The § 2254 Petition is not timely and shall therefore be **DISMISSED**.

## I. Background

Following a jury trial on April 15, 1999, George was found guilty of first degree murder, in violation of 720 ILCS § 5/9-1(a)(1), and robbery, in violation of 720 ILCS § 5/18-1. (Doc. 1-1, p. 27). He received a 60-year sentence for murder and a 7-year sentence for robbery, with both sentences to run concurrently. (Doc. 1, p. 1; Doc. 1-1, p. 2). A judgment of conviction was entered on June 4, 1999. (Doc. 1-1, p. 2). The Illinois Appellate Court for the Fifth District affirmed the conviction and sentence on December 12, 2001. *People v. George*, 326 Ill. App. 3d 1192 (2001) (unpublished decision). George did not file a petition for leave to appeal in the Illinois Supreme Court or a petition for *certiorari* review in the United States Supreme Court. (Doc. 1, p. 3).

On August 8, 2013, George filed a *pro se* motion for leave to file a late post-conviction petition in state court, and his motion was granted. (Doc. 1, p. 4; Doc. 1-1, p. 50). George argued that his 60-year sentence for murder was excessive when compared to the 45-year sentence his co-defendant received for the same crime. *Id.* He maintained that his co-defendant murdered the victim and also had a more serious criminal record. (Doc. 1-1, p. 50). The trial court summarily dismissed the post-conviction petition as being frivolous and patently without merit on September 13, 2016. (Doc. 1, pp. 2-4; Doc. 1-1, p. 50).

George appealed. *People v. George*, 2016 IL App. (5th) 130549. He again argued that the disparity between his sentence for murder and his co-defendant's sentence for the same crime was unconstitutional. (Doc. 1, p. 4; Doc. 1-1, pp. 49-54). The Illinois Appellate Court found that George "failed to state the gist of a constitutional claim" and affirmed the summary dismissal of the post-conviction petition on September 26, 2016. *Id*.

## II. The Petition

The instant § 2254 Petition followed. (Doc. 1). In it, George again argues that his sentence is excessive when compared to his co-defendant's sentence. (Doc. 1, pp. 5-10). The outcome might have been different, George claims, if his attorneys had allowed him to testify and the trial judge had excluded his admissions from evidence. (Doc. 1, pp. 5-9). Instead, George was found guilty of first degree murder and robbery and sentenced as the "primary," when his co-defendant was actually the "ringleader." (Doc. 1, p. 6). According to George, the 60-year sentence for murder amounts to a "gross miscarriage of justice." (Doc. 1, p. 8). He seeks a reduction in his sentence to 45 years. (Doc. 1, p. 10).

## III. Discussion

The time for filing this federal habeas action expired long before George filed the instant § 2254 Petition. Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner has 1 year to file an application for a writ of habeas corpus. The time limitation begins to run on the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

  Only subsection (A) is applicable in this case. 28 U.S.C. § 2244(d)(1). George sets forth no allegations or arguments which trigger the application of subsections (B), (C), or (D). Timeliness of the instant § 2254 Petition therefore depends on the date the judgment became final.

  The trial court entered judgment in George's criminal case on June 4, 1999. (Doc. 1-1, p. 2). George filed a direct appeal, and the Illinois Appellate Court affirmed the trial court's judgment of conviction on Dec. 12, 2001. *See People v. George*, 326 Ill. App. 3d 1192 (2001). George did not challenge this decision by filing a petition for leave to appeal with the Illinois Supreme Court. (Doc. 1, p. 3). Under Illinois Supreme Court Rule 315(b), a party seeking leave to appeal must file a petition in the Illinois Supreme Court within 35 days of entry of

the Appellate Court's order. *See also* ILL. SUP. CT. R. 612(b). When a state prisoner does not seek review in the State's highest court, the judgment of conviction becomes "final," as that term is used in § 2244(d)(1)(A), when the time for seeking review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149-154 (2012) (Supreme Court looks to state-court filing deadlines when a state-court appeal is not taken; in such cases, judgment becomes final upon the expiration of the time for seeking state court review). George's judgment of conviction became "final" on January 16, 2002, which is 35 days after the Illinois Appellate Court affirmed the trial court's judgment on December 12, 2001. The 1-year statute of limitations on his federal habeas petition began to run on January 16, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). He was required to file his federal habeas action no later than January 16, 2003. *See* FED. R. CIV. P. 6(a); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (applying "anniversary method" of calculating limitations period).

George did not file the § 2254 Petition before the deadline expired. He also filed no other action in state court, which might have extended the time for bringing his federal habeas action. Had George filed an application for State collateral review within the 1-year window, for example, his properly filed application would have stopped the clock from running on the statute of limitations for his federal habeas action. *See* 28 U.S.C. § 2244(d)(2). That provision does not benefit him here, however, because George filed no such application between January 16, 2002, and January 16, 2003. In fact, he waited more than ten years to file his first petition for post-conviction relief in Illinois

state court.

Once the 1-year time limit for filing a federal habeas action under § 2254 expired, his later-filed collateral attack did not "re-start the clock." *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant"); *Tate v. Pierson*, 52 F. App'x 302, 303 (7th Cir. 2002) (citing *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000)). In other words, the post-conviction petition that George filed in 2013 had no tolling effect on the 1-year limitations period for filing a federal habeas petition. The time for filing the action expired more than a decade earlier.

The instant § 2254 Petition is untimely. George did not file this action within the 1-year period established under 28 U.S.C. § 2244(d)(1)(A) for doing so. The action shall therefore be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

## IV. Certificate of Appealability

Should George wish to appeal this Court's dismissal of his § 2254 Petition, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The Supreme Court has interpreted this requirement to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

George need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

This Court has determined that the § 2254 Petition was not timely filed, and George is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, George has not made "a substantial showing of the denial of a constitutional right." The Court **SHALL NOT ISSUE** a certificate of appealability.

## V. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

Should he desire to appeal this Court's ruling, Petitioner may file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past 6 months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

Digitally signed by Judge David R. Herndon
Date: 2017.10.13 09:46:37 -05'00'

**UNITED STATES DISTRICT JUDGE**